THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEDRO RAMERO RAMOS ) | |
| ) | |
| vs. ) | CAUSE NOs. 3:08-CV-396 RM |
| ) | (Arising from 3:04-CR-134(01)RM) |
| ) | |
| UNITED STATES OF AMERICA ) | |

OPINION AND ORDER

On August 25, 2008, Pedro Ramero Ramos filed a motion with the court seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Ramos asks the court for relief of judgment due to ineffective assistance of counsel at sentencing. For the following reasons, the court denies Mr. Ramos' motion.

As an initial matter, Mr. Ramos argues that his § 2255 petition is timely because it was filed within one year of the date upon which the court issued an order denying Mr. Ramos' request to proceed *in forma pauperis* on appeal. On May 19, 2005, the court sentenced Mr. Ramos to 87 months imprisonment for possession with intent to deliver amphetamine in violation of 21 U.S.C. § 841(a), and judgment was entered that same day. Mr. Ramos filed his notice of appeal of his sentence more than two years later on November 6, 2007. The court denied Mr. Ramos' motion for a certificate of appealability on November 9, 2007, finding that Mr. Ramos waived his right to appeal and had not made a substantial showing of the denial of a constitutional right. The court reiterated this conclusion in its January 11, 2008 order denying Mr. Ramos's request for pauper status.

During this same time period, the court of appeals issued an order requiring Mr. Ramos to file a brief memorandum stating why his appeal shouldn't be dismissed for lack of jurisdiction. Mr. Ramos didn't respond as ordered, and the court of appeals dismissed Mr. Ramos's appeal for lack of prosecution.

Post-conviction requests must be filed within one year of the final conviction date, and convictions become final when the time for filing a petition to contest the appellate court's decision expires. *See* Clay v. United States, 537 U.S. 522, 525 (2003); *see also* Latham v. United States, 527 F.3d 651, 652 (7th Cir. 2008) (stating "that a federal conviction becomes 'final' with the expiration of time to file a petition for a writ of certiorari."). The court of appeals dismissed Mr. Ramos's appeal on January 23, 2008, and a petition for writ of certiorari would have been due on April 23, 2008. *See* Supreme Court Rule 13.1 (stating that a party has 90 days after entry of judgment by an appellate court to file a petition).

Even if Mr. Ramos's petition is timely, an examination of Mr. Ramos's plea agreement reveals that he waived his right to appeal and contest his sentence in a § 2255 proceeding. Mr. Ramos's plea agreement, signed by Mr. Ramos, his attorney H. Jay Stevens, and Assistant United States Attorney John Maciejczyk, contains the following language:

> 8(d) . . . I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal . . . my sentence . . . on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest . . . my sentence . . . or the manner in which . . . the sentence . . . was determined or imposed on any ground including any alleged ineffective assistance of

counsel . . . in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

The waiver in a plea agreement of a right to appeal is enforceable, *see* United States v. Woolley, 123 F.3d 627, 631-632 (7th Cir. 1997); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[W]aivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); Pratt v. United States, 22 F. Supp. 2d 868, 870 (C.D. Ill. 1998) (holding that an informed and voluntary waiver is generally effective to bar a subsequent § 2255 motion except where "ineffective assistance of counsel negated the knowing or voluntary nature of the waiver itself, the waiver was a product of coercion, or the trial court relied on some constitutionally impermissible factor, e.g., race, in imposing sentence. Under narrow circumstances such as these, the dictates of justice would require that the defendant be allowed to avoid his waiver and pursue collateral relief as if the waiver did not exist.").

Mr. Ramos makes no claim in his § 2255 petition that his waiver of his right to file a petition was anything but informed and voluntary, nor does he allege that the waiver was a product of coercion. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Mr. Ramos waived his right to attack his sentence on any grounds, explicitly including the ineffective assistance of counsel, as asserted in

3

his petition. Accordingly, the court DENIES Mr. Ramos' petition to vacate. [Doc. No. 39).

Mr. Ramos also asks that he be permitted to proceed *in forma pauperis* on his § 2255 petition [Doc. No. 40], and the court DENIES this request as moot.

SO ORDERED.

ENTERED: August 29, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court